1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| SHAWN TWYNE, | Civil No.   09-2120 BEN (POR) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |
| I.D. CLAY, et al., | |
| Respondents. | |

15

**I.    INTRODUCTION**

16        Petitioner Shawn Twyne, a state prisoner proceeding pro se, has filed a Petition for Writ of

17   Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction San Diego County Superior

18   Court case number SCN193132 for driving under the influence of alcohol, driving with a blood alcohol

19   concentration of .08 or more and driving on a suspended or revoked license. (Lodgment No. 1 at 0053-

20   55.)  The petition presents five claims. (*See* Pet. at 6-10.[1])

21        This case is before the undersigned Magistrate Judge pursuant to S.D. Cal. Civ. R. 72.1(d)(4)

22   for Proposed Findings of Fact and Recommendation for Disposition.  For the reasons set forth below,

23   the Court respectfully recommends that the Petition be **DENIED**.

24   / / /

25   / / /

26   / / /

27

28        ─────────────────────

[1]   For ease of reference, the Court will use the page numbers assigned by the Court's electronic filing system.

## II.    FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C.. § 2254(e)(1) (West 2006); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The following facts are taken from the California Court of Appeal's opinion denying Twyne's direct appeal of his convictions.

About 2:00 a.m. on March 25, 2005, Officers Michael Kelley and Brian Kennedy observed Twyne's vehicle drift from the slow to the middle freeway lane; weave within the slow lane; change lanes directly in front of another vehicle; and suddenly accelerate from 70 to 80 miles per hour. Officer Kelley turned on his emergency lights to stop Twyne. Twyne moved over to the slow lane, passed a freeway exit, and began to stop his vehicle in the slow lane. Officer Kennedy spoke over the P.A. system and repeatedly instructed Twyne to move his vehicle out of the lanes. Twyne slowly moved his vehicle and stopped on the shoulder of the freeway. Again speaking over the P.A. system, Officer Kennedy told Twyne to drive to the next exit and exit the freeway. Twyne complied.

Twyne acknowledged to the officers that his license was suspended. Officer Kelley observed that Twyne appeared intoxicated: his eyes were red and watery, his breath smelled of alcohol, his speech was slurred, and his appearance was unkempt. Twyne did not perform well on field sobriety tests. A blood test administered at the detention facility showed a blood alcohol level of .19.

Testifying on his own behalf, Twyne presented a necessity defense. He claimed that he was forced to drive when the designated driver who was driving the vehicle got into an argument with her husband and abandoned Twyne and the other passengers in the vehicle on the side of the freeway.

The jury found Twyne guilty of driving under the influence of alcohol (count 1, Veh. Code [footnote omitted] § 23152, subd. (a)); driving with a .08 percent or more blood alcohol level (count 2, § 23152, subd. (b)); and misdemeanor driving with a suspended or revoked license (count 3, § 14601.1, subd.(a)). Twyne admitted that he had incurred a prior prison term and a strike prior conviction based on a 1998 conviction for making a criminal threat. At a bench trial, the court found that within 10 years of the current offenses Twyne had suffered three separate prior convictions for driving under the influence (two in 1996 and one in 2002), which elevated the current convictions on counts 1 and 2 from misdemeanors to felonies. (§ 23550, subd. (a)).

(Lodgment No. 7 at 1-2.)

## III.    PROCEDURAL BACKGROUND

On December 27, 2005, the San Diego County District Attorney filed an information charging Twyne with one count of driving under the influence of alcohol (DUI), a violation of California Vehicle Code section 23152(a), driving with a blood alcohol level of .08 percent or more, a violation of Vehicle Code

1

2    section 23152(b), and one count of driving on a suspended or revoked license, a violation of Vehicle

3    Code section 14601.1(a).  (Lodgment No. 1 at 0005-07.)  The information also alleged Twyne had

4    suffered three prior convictions for driving under the influence of alcohol and driving with a blood

5    alcohol level of .08 percent or more, a prior conviction for which he served a prison term within the

6    meaning of Penal Code section 667.5(b) and 668, and a "strike" prior within the meaning of Penal Code

7    sections 667(b) – (i), 1170.12 and 668, California's Three Strikes Law.  (*Id.* at 0006-08.)

8            Following a jury trial, Twyne was convicted of all counts.  (*Id.* at 0053-55.)  Twyne admitted

9    he suffered the prior prison term and the strike prior conviction.   (Lodgment No. 3 at 140-43.)  After

10   a bench trial, the state trial judge found the prior driving under the influence convictions to be true,

11   which elevated his driving under the influence convictions to felonies pursuant to Vehicle Code § 23550

12   (a). (*Id.* at146-56; Cal. Veh. Code § 23350(a).)  On November 17, 2006, the trial court declined to strike

13   the prior strike conviction and sentenced Twyne to a total of seven years in prison.  (*Id.* at 166.)

14           Twyne appealed his conviction and filed a concurrent *pro se* petition for writ of habeas corpus

15   in the California Court of Appeal for the Fourth Appellate District, Division One.  (Lodgment Nos. 4,

16   5.)  The Court of Appeal consolidated the appeal and habeas corpus petition and denied both in a

17   written, unpublished opinion filed January 30, 2008.  (Lodgment No. 7.)

18           Twyne filed a second habeas corpus petition in the California Court of Appeal.  (Lodgment No

19   8.)  The state court denied the petition in a written, unpublished order filed September 18, 2008.

20   (Lodgment No. 9.)  Twyne then filed another habeas corpus petition in the California Court of Appeal,

21   which that court denied in a written unpublished opinion dated March 5, 2009.  (Lodgment Nos. 10, 11.)

22   Twyne filed a fourth habeas corpus petition in the California Supreme Court on March 17, 2009, which

23   the Supreme Court denied without citation of authority on August 26, 2009.  (Lodgment Nos. 12, 13.)

24           On September 25, 2009, Twyne filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 and

25   exhibits in this Court.  (Doc. Nos. 1, 1-1.)  On April 26, 2010, Respondent filed an Answer and Points

26   and Authorities in Support of the Answer.  (Doc. Nos. 22, 22-1.)  Petitioner replied with his Traverse

27   on May 5, 2010.  (Doc. 24.)

28   / / /

IV.    **DISCUSSION**

  A.    *Standard of Review*

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.  *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  Additionally, the state court's factual determinations are presumed correct, and Twyne carries the burden of rebutting this presumption with "clear and convincing evidence."  28 U.S.C.A. § 2254(e)(1) (West 2006).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case.  *Id.*  Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision.  *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).  If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary

to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *id.*, the state court decision will not be "contrary to" clearly established federal law. *Id.* Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

   B.   *Analysis*

   Twyne alleges five claims in his petition. First, he claims there was insufficient evidence to establish beyond a reasonable doubt that he had suffered the prior driving under the influence convictions which elevated the current driving under the influence charge to a felony. (Pet. at 6.) Second, Twyne argues the prosecutor committed misconduct by falsely claiming the records of Twyne's 2002 prior conviction were certified. (Pet. at 7.) In claim three, Twyne alleges the prosecutor committed misconduct by introducing fabricated records to prove the validity of Twyne's prior convictions. (Pet. at 8.) Fourth, Twyne contends his trial and appellate counsel rendered ineffective assistance of counsel when they failed to object or raise an argument with regard to the admissibility of the 2002 prior conviction records. (Pet. at 9.) Fifth, Twyne claims the prosecutor presented insufficient evidence at his preliminary hearing to bind him over for trial. (Pet at 10.)

   Respondent counters that the state court's denial of claims one through four was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (Mem. of P. & A. Supp. Answer at 12-19.) As to claim five, Respondent contends it fails to state a claim upon which federal habeas relief can be granted. (*Id.* at 20-21.)

   1.   *Sufficiency of the Evidence (claim one)*

   In his first claim, Twyne argues there was insufficient evidence presented to support the trial judge's conclusion that he had suffered the three prior driving under the influence convictions. (Pet. at 6.) Specifically, Twyne contends the documents the prosecutor presented at the court trial on the prior convictions were not the official record and that the prosecutor did not properly prove the authenticity

1   and accuracy of the documents.  (Pet. at 6.)  Respondent contends the state court's denial of this claim

2   was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.

3        Twyne raised this claim in the habeas corpus petition he filed concurrently with his direct appeal.

4   (Lodgment No. 5.)  The state appellate court denied the claim on the merits.  (Lodgment No. 7 at 7-11.)

5   He then raised this claim in the two habeas corpus petitions he filed in the state appellate court on

6   August 14, 2008 and March 5, 2009.  (Lodgment Nos. 8, 10.)  The state appellate courts denied both

7   petitions, citing *In re Clark*, 5 Cal. 4th 750, 767 (1993) and stating that "[t]he issue was raised and

8   rejected in the prior petition [and] [a]bsent a change in the applicable law or the facts, a reviewing court

9   will not consider repeated applications for habeas corpus presenting claims previously rejected."

10  (Lodgment Nos. 9, 11.)  Twyne then exhausted the claim by raising it in the habeas corpus petition he

11  filed in the California Supreme Court on March 17, 2009; the California Supreme Court denied the

12  petition without citation of authority.  (Lodgment Nos. 12, 13.)  This Court must "look through" to the

13  last reasoned state court decision as the basis for its analysis of this claim which, in this case, is the state

14  appellate court's opinion denying Twyne's direct appeal and consolidated habeas corpus petition.  *See*

15  *Ylst*, 501 U.S. at 805-06.  The state appellate court on direct appeal wrote:

16        Regarding his first argument, the prosecution alleged that Twyne had committed
        prior driving under the influence (DUI) offenses on June 18, 2002, February 26, 1996,
17      and February 24, 1996.  At the bench trial on the three alleged prior DUI convictions,
        the prosecution presented booking photographs and fingerprint cards for the current 2005
18      offense and the 2002 offense.  A fingerprint expert testified that the fingerprint cards for
        the 2005 and 2002 offenses were for the same person.

19

20        The prosecution also presented certified copies of the complaints and plea forms
        for the 2002 and 1996 offenses.  In the plea form for the 2002 offense, Twyne admitted
21      that he had incurred the two 1996 DUI convictions.  Based on this admission, as well as
        signatures on the three plea forms that appeared to be the same, the prosecution argued
22      the two 1996 convictions had been proven.  Although conceding that the conviction for
        the 2002 offense had been proven, Twyne's counsel contended there was insufficient
23      evidence to prove beyond a reasonable doubt that Twyne had incurred the 1996
        convictions.

24        The trial court concluded the 1996 convictions had been proven beyond a
        reasonable doubt, noting that Twyne admitted them in the plea form for the 2002 offense
25      and there was not dispute that he was the person in the 2002 offense.

26        The record supports a finding that the 1996 convictions were incurred and that
        Twyne is the person who incurred them.  In his writ petition, Twyne has not made any
27      showing that the certified copies of the 2002 and 1996 plea forms were fabricated or

28  / / /

1    erroneous, or that he is not the person who committed the 1996 offenses.  He has failed
2    to present a prima facie case for relief as to this ground.

3    (Lodgment No. 7 at 10-11.)

4         In assessing a sufficiency of the evidence claim, the Supreme Court has stated that "'the relevant

5    question is whether, after viewing the evidence in the light most favorable to the prosecution, any

6    rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"

7    *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319

8    (1979)).  In determining whether sufficient evidence has been presented, the Court must accept the

9    elements of the crime as defined by state law.  *See Jackson*, 443 U.S. at 324, n.16; *Aponte v. Gomez*, 993

10   F.2d 705, 707 (9th Cir. 1993) (stating that federal courts are "bound by a state court's construction of

11   its own penal statutes").  During the trial on the priors, the prosecutor introduced the following evidence:

12        1.  testimony by fingerprint analyst Andrea Duncan that the booking photo and
13        fingerprints from the 2002 DUI conviction matched the booking photo and fingerprints
          from Twyne's 2006 (current) DUI case.  (Lodgment No. 3 at 147-149, 151-52);

14        2.  a certified copy of the charging documents and the plea forms, signed under penalty
15        of perjury, from Twyne's 2002 DUI conviction in which Twyne admits he suffered two
          prior DUI convictions in 1996 in case nos. T165561 and T165048.  (*Id.* at 150-52;
16        Lodgment No. 14.)

17        3.  certified copies of the charging documents and plea forms from Twyne's 1996 prior
          convictions in case nos. T165561 and T165048.  (Lodgment No. 3 at 151-52; Lodgment
18        No. 1 at 0066-94.)

19        The prosecutor argued that, taken together, this evidence proved that Twyne had suffered three

20   prior convictions.  First, the fingerprint expert's testimony established that the fingerprints from the

21   current 2006 case and the 2002 case were from the same person.  (Lodgment No. 3 at 154.)  Second, in

22   the plea form from his 2002 prior conviction, Twyne admitted to suffering the two 1996 DUI

23   convictions in case nos. T165561 and T165048.  (*Id.*)  Third, the signature on the 2002 plea form

24   matched the signatures on the 1996 plea forms.  (*Id.*)  Twyne's attorney admitted the validity of the 2002

25   conviction, but disputed there was sufficient proof Twyne had suffered the two 1996 convictions

26   because "counsel's opinion that the signatures appear to be the same" was not enough to establish the

27   validity of the prior convictions beyond a reasonable doubt.  (*Id.* at 153.)  Twyne's attorney could not

28   explain how Twyne's

/ / /

2002 admission under penalty of perjury that he suffered the 1996 prior convictions was insufficient to establish the validity of the 1996 prior convictions. (*Id.* at 154.)

Twyne's main attack on the sufficiency of the evidence that he suffered the prior convictions is his allegation that the charging documents and plea forms from the 2002 conviction were not certified copies. His argument is based on the lack of a certification stamp on the copies of the documents contained in the Clerk's Transcript which were admitted as exhibit five to establish his 2002 DUI conviction. (*See* Lodgment No. 1 at 0057-66.) The prosecutor, court clerk and state appellate court all indicated the documents were certified copies. (*See* Lodgment No. 1 at 0056; Lodgment No. 3 at 149-50; Lodgment No. 7 at 10-11.) Due to this discrepancy, the Court directed Respondent to obtain a copy of both sides of each page of the original exhibit number 5 from the state court file. (*See* Order dated February 4, 2011). Respondent complied with this request on February 22, 2011. (*See* Doc. no. 36.) The copy of exhibit five lodged by Respondent contains a stamp on the back of the last page indicating the documents admitted in state court establishing the validity of Twyne's 2002 DUI conviction were certified copies, as both the state court trial record and the state appellate court opinion indicate. (*See* Lodgment No at 0056; Lodgment No. 7 at 10-11.) It appears that the page containing the certification stamp was inadvertently not copied for the official transcript.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that Twyne had suffered the three prior convictions. *Juan H.*, 408 F.3d at 1275. The fingerprint expert's testimony established that the fingerprints from the 2002 conviction and the 2005 arrest were from the same person. There was no dispute that Twyne was the individual arrested in 2005. The certified copies of the 2002 prior conviction contain an admission by Twyne, under penalty of perjury, that he suffered the two 1996 prior DUI convictions. The certified copies of Twyne's 1996 DUI convictions in case nos. T165561 and T165048 were admitted into evidence. Moreover, the trial judge, as the trier of fact, was entitled to make a factual determination as to whether the signatures on the plea forms from the 2002 and 1996 prior convictions were the same. As the Supreme Court has noted, "the prosecution need not affirmatively 'rule out every hypothesis except that of guilt,'" and the reviewing court "faced with a record of historical facts that support conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor

1   of the prosecution, and must defer to that resolution." *Wright v. West*, 505 U.S. 277, 296-97 (1992)

2   (quoting *Jackson*, 443 U.S. at 326).

3       For the foregoing reasons, the state court's denial of Twyne's sufficiency of the evidence claim

4   was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law, nor

5   was it based on an unreasonable determination of the facts in light of the evidence presented. *Williams*,

6   529 U.S. at 412-13. He is not entitled to relief as to this claim.

7       2.   *Prosecutorial Misconduct (claims two and three)*

8       Next, Twyne alleges the prosecutor committed misconduct in two ways. First, he contends the

9   prosecutor misled the trial court into believing that the exhibits he was introducing into evidence to

10  prove Twyne had suffered three prior convictions, listed as exhibits five through seven, were certified

11  copies of the documents related to those convictions. (Pet. at 7, claim two). Second, he contends the

12  prosecutor presented altered evidence and suppressed exculpatory evidence. (*Id.* at 8, claim three.)

13  Respondent counters that the state court's denial of these claims was neither contrary to, nor an

14  unreasonable application of, clearly established Supreme Court law.

15      Twyne raised these claim in the habeas corpus petition he filed in the California Supreme Court

16  on March 17 2009. (*See* Lodgment No. 12 at 3-8.) That court denied the petition without citation of

17  authority. (*See* Lodgment No. 13.) Thus, there is no state court decision to which this Court can "look

18  through." *Ylst*, 501 U.S. at 805-06. This Court must conduct an independent review of the record to

19  determine whether the state court's denial of the claim is contrary to, or an unreasonable application of,

20  clearly established Supreme Court law. *Himes*, 336 F.3d at 853.

21      "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the

22  fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

23  "It is not enough that the prosecutor's remarks were undesirable or even universally condemned."

24  *Darden*, 477 U.S. at 181. Rather, a prosecutor commits misconduct when his or her actions "'so

25  infect[s]. . . the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.*

26  (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974).) "Moreover, the appropriate standard of

27  review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad

28  exercise of supervisory power.'" *Id.* (quoting *Donnelly*, 416 U.S. at 642).

As Respondent correctly notes, where a prosecutor is accused of presenting false or altered evidence or testimony, "the petitioner must show that (1) the . . . evidence was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) the false testimony was actually material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003) (citing *Napue v. People of the State of Illinois*, 360 U.S. 264, 269-71 (1959)); *see also United States v. Agurs*, 427 U.S. 97, 103 (1976)). Where a prosecutor is accused of withholding exculpatory evidence, a petitioner must show: (1) the evidence was suppressed by the prosecution, either willfully or inadvertently; (2) the withheld evidence was exculpatory or impeachment material; and (3) he was prejudiced by the failure to disclose. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Benn v. Lambert*, 283 F.3d 1040, 1052-53 (9th Cir. 2002) (citing *United States v. Bagley*, 473 U.S. 667, 676, 678 (1985) and *United States v. Agurs*, 427 U.S. 97, 110 (1976)). "Evidence is deemed prejudicial, or material, only if it undermines confidence in the outcome of the trial." *Benn*, 283 F.3d at 1053 (citing *Bagley*, 473 U.S. at 676, *Agurs*, 427 U.S. at 111-12). "Moreover, we analyze all of the suppressed evidence together, using the same type of analysis that we employ to determine prejudice in ineffective assistance of counsel cases." *Id.* (citing *Bagley*, 473 U.S. at 682 and *United States v. Shaffer*, 789 F.2d 682, 688-89 (9th Cir. 1986)).

As explained above, the page on which the certification stamp for the 2002 prior DUI conviction documents appeared was inadvertently not copied as part of the Clerk's Transcript. (*See* Lodgment No. 1 at 0057-66.) The actual documents that were admitted in state court, however, were certified copies, as Lodgment No. 14 establishes. (*See* Lodgment No. 14.) Thus, the prosecutor did not, as Twyne alleges, present false or altered evidence. Twyne has also not established the prosecutor withheld exculpatory evidence. He has not shown what, if any, exculpatory evidence was suppressed by the prosecution, how any such evidence was exculpatory, or how he was prejudiced by any such suppression. *See Strickler*, 527 U.S. at 281-82. In the absence of any evidence to support this claim, it must be denied. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (stating that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

Accordingly, Twyne is not entitled to relief as to these claims because he has not established the state court's denial was either contrary to, or an unreasonable application of, clearly established Supreme

1    / / /

2

3    Court law.  Nor has he established that that the state court's denial of the claims was based on an

4    unreasonable determination of the facts in light of the evidence presented.  *Williams*, 529 U.S. at 412-13.

5            3.      *Ineffective Assistance of Counsel (claim four)*

6            Twyne argues both trial and appellate counsel were ineffective.  Specifically, he contends trial

7    counsel should have challenged the admissibility of the documents associated with the 2002 prior DUI

8    conviction because they were not certified copies.  (Pet. at 9.)  He also contends appellate counsel

9    should have raised this challenge on appeal.  (*Id.*)  Respondent counters that the state court's denial of

10   these claims was neither contrary to, nor an unreasonable application of, clearly established Supreme

11   Court law.  (Mem. of P. & A. Supp. Answer at 11-13.)

12           Twyne raised these claim in the habeas corpus petition he filed in the California Supreme Court

13   on March 17, 2009.  (*See* Lodgment No. 12. at 8-10.)  That court denied the petition without citation of

14   authority.  (*See* Lodgment No. 13.)  Thus, there is no underlying state court decision to which this Court

15   can "look through."  *Ylst*, 501 U.S. at 805-06.  Accordingly, this Court must conduct an independent

16   review of the record to determine whether the state court's denial of the claim is contrary to, or an

17   unreasonable application of, clearly established Supreme Court law.  *Himes*, 336 F.3d at 853.

18           To prevail on a claims of ineffective assistance of trial counsel in federal court, Twyne must have

19   first established in state court that his trial counsel's performance fell below an objective standard of

20   reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "This requires a showing that

21   counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

22   defendant by the Sixth Amendment."  *Id.*  Judicial scrutiny of counsel's performance must be "highly

23   deferential."  *Id.* at 689.  Second, he must have shown counsel's deficient performance prejudiced the

24   defense, such that the result of the proceeding would have been different absent counsel's errors..  *Id*.

25   at 687.  On federal habeas review, "the question is not whether counsel's actions were reasonable, [but]

26   whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."

27   *Harrington v. Richter*, No. 09-587, slip op. at 16 (U.S., Jan. 19, 2011).  "The proper standard for

28   evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland*."  *Smith*

     *v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986)).  To

1  establish prejudice in the context of ineffective assistance of appellate counsel, Twyne must have shown

2

3  in state court a reasonable probability that he would have prevailed on appeal absent counsel's errors.

4  *Smith*, 528 U.S. at 285 (citing *Strickland*, 466 U.S. at 694).  With regard to both claims, "[t]he

5  performance component need not be addressed first '[i]f it is easier to dispose of an ineffectiveness

6  claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should

7  be followed.'"  *Id.*, n. 144 (quoting *Strickland*, 466 U.S. at 697).

8        As with his preceding claims, Twyne argues the charging documents and plea forms associated

9  with his 2002 DUI conviction were not admissible because they were not certified copies, and counsel

10  should have objected to their admissibility.  (Pet. at 9.)  As previously discussed, the page of the 2002

11  prior conviction documents containing the certification stamp was inadvertently not copied for the

12  Clerk's Transcript.  The actual documents admitted in state court, however, were certified copies of

13  those documents.  (*See* Lodgment No. 14.)  Accordingly, Twyne has not established counsel was

14  ineffective because there were no grounds upon which counsel could object to the admission of the

15  documents, nor did Twyne suffer any prejudice as a result of counsel's failure to object.  *See Strickland*,

16  466 U.S. at 686-89.  For the same reasons, Twyne has not shown appellate counsel was ineffective for

17  failing to raise this claim on appeal.  There is no reasonable possibility that he would have prevailed on

18  appeal if counsel had raised this claim  *See Smith*, 528 U.S. at 285.

19        For all the foregoing reasons, the state court's denial of these claims is neither contrary to, nor

20  an unreasonable application of, clearly established Supreme Court law.  Twyne is not entitled to relief

21  as to these claims.

22        4.    *Errors in the Preliminary Hearing (claim five)*

23        Finally, Twyne claims that the prosecution did not present sufficient evidence to establish he had

24  suffered the prior DUI convictions and strike prior as alleged in the complaint and that the state trial

25  judge did not bind him over for trial on those allegations.  (Pet. at 10.)  Respondent contends Twyne is

26  not entitled to relief because his claim is a matter of state law only, citing *Estelle v. McGuire*, 502 U.S.

27  62, 70.  Respondent also argues the denial of the claim was neither contrary to, nor an unreasonable

28  application of, clearly established Supreme Court law, that the trial judge did hold him to answer on the

    DUI charges and DUI prior convictions, and that under California law, the prosecutor was not required

1    / / /

2

3    to prove the prior strike conviction at the preliminary hearing.  (Mem. of P. & A. Supp. Answer at 14-

4    15.)

5          Twyne raised this claim in the habeas corpus petition he filed in the California Supreme Court

6    on March 17 2009.  (*See* Lodgment No. 12. at 10-11.)  That court denied the petition without citation

7    of authority.   (*See* Lodgment No. 13.)  Thus, there is no lower court decision to which this Court can

8    "look through."  *Ylst*, 501 U.S. at 805-06.  Accordingly, this Court must conduct an independent review

9    of the record to determine whether the state court's denial of the claim is contrary to, or an unreasonable

10    application of, clearly established Supreme Court law.  *Himes*, 336 F.3d at 853.

11          First, as Respondent correctly notes, contrary to Twyne's claim, the record establishes that the

12    state judge did hold Twyne to answer for the all of the offenses alleged in the complaint.  (Lodgment

13    No. 2 at 15.)  Second, Respondent is also correct that there is no federal constitutional right to a

14    preliminary hearing; as such, Twyne's complaints about how the preliminary hearing was conducted

15    are matters of state law, for which he is not entitled to federal habeas corpus relief.  *See Ramirez v. State*

16    *of Ariz*, 437 F.2d 119, 119-120 (9th Cir. 1971).  Third, California law does not require the prosecutor

17    to prove strike priors at the preliminary hearing stage.  *People v. Casillas*, 92 Cal. App. 4th 171, 181-82

18    (citing *Miranda v. Superior Court*, 38 Cal. App. 4th 902, 909 (1995)).  Finally, any doubt regarding the

19    quantum of proof presented at the preliminary hearing has been dispelled by Twyne's subsequent

20    conviction for charges and true findings of the prior convictions as alleged.  *See U.S. v. Mechanik*, 475

21    U.S. 66, 70 (1986) (stating that a jury's guilty verdict "means not only that there was probable cause to

22    believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond

23    a reasonable doubt [and that] any error in the grand jury proceedings . . .was harmless beyond a

24    reasonable doubt"); *see also U.S. v. Caruto*, 627 F.3d 759, 767 (9th Cir. 2010) (same).

25          For all the foregoing reasons, the state court's denial of this claim was neither contrary to, nor

26    an unreasonable application of, clearly established Supreme Court law, and he is therefore not entitled

27    to relief as to this claim.  *Williams*, 529 U.S. at 412-13.

28    **IV.**    **CONCLUSION**

          The Court submits this Report and Recommendation to United States District Judge Roger T.

1  Benitez under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District

2

3  Court for the Southern District of California. For the reasons outlined above, IT IS HEREBY

4  RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and

5  Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition for Writ of

6  Habeas Corpus.

7       IT IS ORDERED that no later than **April 11, 2011,** any party to this action may file written

8  objections with the Court and serve a copy on all parties. The document should be captioned "Objections

9  to Report and Recommendation."

10      IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and

11 served on all parties no later than **April 25, 2011**. The parties are advised that failure to file objections

12 within the specified time may waive the right to raise those objections on appeal of the Court's order.

13 *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th

14 Cir. 1991).

15      **IT IS SO ORDERED.**

16 DATED:  March 11, 2011

17

18 _____
   LOUISA S PORTER
19 United States Magistrate Judge

20

21

22

23

24

25

26

27

28